UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**DERRICK ABNER, NATHAN ALLEN**       **CIVIL ACTION NO.:**
**and MICHAEL ASHBY,** *et al*,

     **JUDGE:**

**VERSUS**

**CALUMET GP, LLC,**      **MAGISTRATE**

**COMPLAINT**

This is a civil action for the payment of wages, overtime compensation, related penalties and damages, costs and attorney's fees, and all appropriate legal and equitable relief.

PARTIES

1.

Defendant

Defendant is Calumet GP, LLC, a Delaware corporation engaged in the production and distribution of petroleum products. Defendant is the general partner of Calumet Specialty Products, LLC. (collectively, "Calumet"). Defendant operates a facility in Shreveport, Louisiana. Defendant pays the wages of employees and is the employer of employees assigned to the operations and maintenance divisions of the Shreveport facility.

Plaintiffs

Plaintiffs, listed below, were employed in the operations or maintenance divisions of Defendant's Shreveport, Louisiana facility. They regularly work more than 40 hours in a workweek

but have not been paid base pay or overtime premiums for all of the overtime they worked within the past three years. The plaintiffs (identified by name and assignment) are

| | | | |
|---|---|---|---|
| Derrick Abner, | Operations | Mark Greathouse, | Operations |
| Nathan Allen, | Maintenance | Chris Green, Sr., | Operations |
| Michael Ashby, | Operations | Roger Griffie, | Operations |
| Jeffrey Batiste, | Operations | Bobby Joe Hall, | Maintenance |
| Morrell Boone, Jr., | Operations | Jonathan Hall, | Maintenance |
| Samuel Bozeman, | Maintenance | Michael D. Hall, | Maintenance |
| Gary Bragg, III, | Operations | Todd Hall, | Operations |
| Mitchell Branch, | Operations | John Hamilton, | Operations |
| Andrew Britton, | Operations | Oscar C. Hamilton, | Operations |
| Jeffrey Bryan, | Operations | Casey Hamiter, | Operations |
| Zaleska Bryant, | Operations | Tim Harrison, | Operations |
| Cecil Bullock, Jr., | Operations | Jason Houston, | Operations |
| Andre Carter, | Operations | Michael Hubbard, | Operations |
| Richard L. Clarkston, | Operations | Bobby Hughes, | Operations |
| John F. Clayton, | Operations | Tony Hughes, III, | Operations |
| Jeff Cohen, | Operations | Doug Hunter, | Operations |
| Bobby Coley, | Maintenance | Leon Jernigan, | Operations |
| Robert Collins, | Operations | Ardis Johnson, III, | Operations |
| Charles Compton, | Maintenance | Robert Johnson, | Maintenance |
| Kyle Conly, | Operations | Reginald Jones, | Operations |
| Mitchell Cook, | Operations | Harry Kleinpeter | Maintenance |
| Donald C. Daniel, | Operations | Richard Leblanc | Maintenance |
| Alyson Darbonne, | Operations | Robert Lester, | Operations |
| Thomas Daugherty, | Operations | Bobby Lewis, Jr., | Operations |
| Timothy Davis, | Operations | Johnny Lewter, | Operations |
| Jacob Dodd, | Operations | L.C. Lister, | Maintenance |
| Christopher Douget, | Operations | Cedric Long, | Operations |
| Andre Elias, | Operations | Daniel Lloyd, | Operations |
| Charles Everett, | Operations | Tyler Manuel, | Operations |
| Zach Foster, | Operations | Kendall Marchand, | Operations |
| Gregory Frank, | Maintenance | Clifford P. Martin, | Operations |
| Christopher Frazier, | Operations | Louis Mayfield, | Operations |
| Chris A. Fulco, | Operations | Todd McCoy, | Operations |
| Sam Fulco, | Operations | Odysseus McGee, | Operations |
| Billy Garcie, | Operations | Jason McGuire, | Maintenance |
| Daniel Garland, | Operations | Paul McMillin, | Maintenance |
| Deon Glover, | Operations | Billy Aaron Meyers, | Operations |
| Otha Gordan, | Operations | Carlton Mitchell, | Operations |

| | | | |
|---|---|---|---|
| Carlos Netter, | Operations | Shawn Wilson, | Operations |
| Tim Nidey, | Maintenance | Roderick Youngblood | Operations |
| Johnny Paine, | Operations | Kenny Zylicz | Operations |
| Houston Pardee, | Operations | | |
| Jermarsey Phillips, | Operations | | |
| Michael Pickett, | Operations | | |
| Daniel Reamer, | Operations | | |
| Anthony Rinaudo, | Operations | | |
| Stephen V. Rinaudo, | Operations | | |
| Carl Roppolo, | Operations | | |
| John S. Rutledge, | Operations | | |
| Richard Savell, | Operations | | |
| Steven Scott, | Operations | | |
| Bert Scroggins, | Operations | | |
| Roderick Short, | Operations | | |
| Kevin Simpson, | Maintenance | | |
| James Singleton, | Maintenance | | |
| Milton Sneed, | Maintenance | | |
| James M. Spearman, | Operations | | |
| Melton Staples, | Operations | | |
| Tony Statos, | Operations | | |
| David L. Stephens, | Operations | | |
| Kevin Stephens, | Maintenance | | |
| Ruby Thomas, | Operations | | |
| Charles Thompson, | Maintenance | | |
| David Toothman, | Operations | | |
| Bertrome Travis, | Operations | | |
| David Waggoner | Operations | | |
| Brent Wallace | Operations | | |
| Paul Whitton | Operations | | |
| Aparicio Williams, | Operations | | |
| Randy Williams, | Operations | | |

2.

**JURISDICTION AND VENUE**

This Court has jurisdiction over Plaintiffs' claims pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, et seq., because Plaintiffs raise a federal question pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction to hear and decide claims arising under state law.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the acts giving rise to the claims asserted in this lawsuit occurred in this judicial district.

**FACTUAL BACKGROUND**

3.

Defendant has failed or refused to pay Plaintiffs for all time worked and for all overtime hours worked.

4.

Plaintiffs work in shifts. An operator's shift is 12 hours. A maintenance employee's shift is 8 hours. It is the Defendant employer's practice to pay employees only for the number of hours allocated to their shift, despite the fact that employees actually perform compensable work for the employer both before and after the shift.

5.

The employer requires plaintiffs to "clock in" at the guard house upon arrival, then walk to the locker room to don protective work clothing and personal protection equipment ("PPE"). Employees are not permitted to leave the locker room and enter the grounds to go to their work stations without first putting on their uniform and assigned personal protective equipment. Any employee who exits the locker room onto the grounds without first donning PPE is subject to disciplinary action.

6.

There is no formal understanding, custom or practice that exempts the time for donning and doffing the uniform and PPE from compensable work time. Plaintiffs are not compensated for overtime worked when donning and doffing the required uniform and PPE.

7.

After donning the required uniform and PPE, employees must walk to their respective work stations to relieve the employees from the prior shift.  The employer's campus is large.  The amount of time it takes to reach the assigned work station varies for each employee.   Some operators and maintenance workers require up to 10 to 15 minutes to reach their duty stations, longer if there are maintenance activities or hazards that impede access.  Operators and maintenance workers arriving must receive report from the worker they are relieving.  Change of shift activities often require time-consuming on-site inspections of equipment or facilities.

8.

Standard change of shift report requires approximately 15 to 20 minutes.  The change of shift report takes  longer if there are complications, hazards or problems that must be reported to the on-coming shift or if outside inspection is required.

9.

During the change of shift the operators and maintenance workers coming on duty and the operators and maintenance workers going off duty work are both on duty simultaneously for the purpose of making and receiving report.  Then, the employee whose shift is ending must return to the locker room to doff and store the uniform and PPE before leaving the premises.

10.

If compensable work has not already begun with donning the required uniform and PPE, it begins  immediately thereafter for the employee coming on duty because the employer requires employees to wear PPE at all times at the worksite.  The  tasks of accessing the assigned work stations for change of shift and taking and receiving report at change of shift and returning to the

locker room to doff the uniform and PPE are undertakings in furtherance of the employer's interest and purpose in the operation of the facility. The employer does not pay employees for work performed during the overlapping shifts.

11.

The employer has not been paying employees for time worked for donning, doffing, accessing the assignment location and taking and receiving report at change of shift. Operators are paid for 12 hours a shift, though they work on average 12.8 hours a shift. Maintenance workers are paid 8 hours a shift though they work on average 8.5 hours a shift.

12.

All plaintiffs work more than 40 hours in a workweek, excluding the time spend donning and doffing the uniform and required PPE, time worked accessing the assignment location on campus, and time worked making and receiving report. The employer has not been paying Plaintiffs base pay or the overtime premium for the additional time worked performing those compensable work activities.

13.

The Fair Labor Standards Act requires Defendant to compensate all non-exempt employees for all hours worked at an hourly rate and to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

14.

Plaintiffs are not exempt from the right to be paid for all hours worked or frm the right to

receive overtime pay under the FLSA. Plaintiffs are entitled to compensation from the Defendant for their base pay and the overtime premiums.

15.

Defendant's failure to pay Plaintiffs the wages and overtime premiums due violates the FLSA, including 29 U.S.C. §207(a)(1) and §206(a).

16.

Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

17.

La. R.S. 23:633 requires the employer to make full payment to the employee of wages for work performed and to pay not less than twice a month.   Defendant has violated this statute by failing to pay employees the full amount of the base pay for work performed (primarily the base pay for accessing and leaving the assigned location and taking and receiving report). Some of the Plaintiffs have complained to the Louisiana Workforce Commission and received notice of their right to file a civil suit for recovery of wages and fines.

**RELIEF SOUGHT**

18.

Plaintiffs seek a declaratory judgment that the practices of the Defendant are unlawful under the FLSA and La. R.S. 23:633.

19.

Plaintiffs seek an injunction against Defendant, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from

engaging in the unlawful practice, policy, and pattern set forth herein.

20.

Plaintiffs seek an award of damages, wages, overtime premiums, and liquidated damages pursuant to 29 U.S.C. §216(b).  Plaintiffs seek costs and expenses of this action and reasonable attorney's fees and expert fees pursuant to 29 U.S.C. §216(b).

21.

Plaintiffs seek fines and penalties as allowed under La. R.S. 23:633.

22.

Plaintiffs seek  pre-judgment and post-judgment interest, as provided by law; and any and all further legal and equitable relief as this Court deems necessary, just and proper.

23.

Plaintiffs request a jury trial.

By: s/ Pamela R. Jones
**Pamela R. Jones, Bar Roll No. 19640**

416 Travis Street, Suite 1104
Shreveport, Louisiana 71101

318-425-0870 - Telephone
318-425-0815 - Facsimile

**ATTORNEY FOR PLAINTIFFS**